The judgment of the court was pronounced by
Rost, J.
The plaintiff, by virtue of an execution against the defendant, H. W. Hill, caused to be seized and sold certain properties situated in the Parish of Jefferson.
The third opponent claims the proceeds oí the sale, amounting to $2100, under her legal mortgage, for the reimbursement of paraphernal properly alleged to have been alienated by the defendant, her husband, and for which she has obtained a judgment of separation against him, fixing the amount of her claim at $44,450.
The plaintiffs have conti’overted that judgment, on the ground that it had been obtained through collusion and fraud, and have put the opponent upon the strict proof of her claim. The opposition was sustained in the first instance, and the proceeds of the sale decreed to the opponent; the plaintiffs have appealed. Many questions have been raised in the argument, which it is not necessary to notice. The evidence satisfied the district judge that the opponent had property of her own before the death of her father; and that she had received a large amount of it from his succession; that most of that property has been used by the husband in his own affairs; and that after deducting from the amount for which he was liable, the partial payments made on the judgment against him, a balance, more than sufficient to absorb the sum claimed, remained unsatisfied.
A careful perusal of the record leaves no doubt on our minds of the correctness of these conclusions; but the plaintiff’s counsel contends that the opponent having accepted the succession of her father under the benefit of an inventory, had not the seizin of it, and could become entitled to it in her capacity of heir only after its" final settlement and liquidation; he farther contends that under that state of facts the money or property received by Hill was not his wife’s, but belongs to the succession of her father.
The impression has generally been that the maxim of the French law, Le mort saisit le vif, is a rule of our jurisprudence, since the adoption of the Louisiana Code, and that the seizin of executors or adminstrators was a fiction of law which did not prevent that of the heir. C. C. arts. 934, 935, 936, 940. But it is not necessary to decide those questions in this case; the opponent does not present herself before us as a beneficiary heir. It is true that the court of probates originally ordered her to be put in possession of the succession under benefit of inventoiy. This anomalous proceeding is not explained; but, in 1839, after the opponent became of age, she sold a tract of land inherited from her father, and assumed the quality of heir in an unqualified manner in the act of sale. L. C. 982.
In her suit for á separation of property, she claimed from her husband, and recovered, the price of the land. The district judge was of opinion that these acts and declarations amounted to an unconditional acceptance of the succession; that this acceptance related back to the openning of the succession for all purposes whatever, and that the opponent'having exposed herself to all the disadvantages of unconditional heirship, ah initio, was entitled to the advantages *115 incident upon it. C. C. arts. 981, 982, 988; Le Cesne v. Cottin, 2 N. S. 475; O’Donald v. Lobdell, 2 L. R. 303. We concur in this view of the law; without determining that she would not have been seized with the succession if she had accepted under benefit of inventory, we hold that she was seized as heir by virtue of her unconditional acceptance.
It is therefore ordered that the judgment in this case be affirmed with costs.